IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

---

NORRIS E. PEGUES,

                Petitioner,

    v.

PETER HUIBREGTSE,

                Respondent.

ORDER

11-cv-194-wmc

---

Petitioner Norris E. Pegues filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 and paid the applicable filing fee, seeking to challenge his June 15, 2006, judgment of conviction in the Circuit Court for Milwaukee County for one count each of attempted first degree intentional homicide and possession of a firearm. Petitioner raises nine grounds for relief in his habeas petition: (1) the charges for which he was convicted were "the product of discriminatory enforcement of the law"; (2) petitioner's attorney had a conflict of interest that compromised his defense of petitioner; (3) petitioner's attorney was ineffective in failing to conduct a reasonable pre-trial investigation; (4) petitioner's attorney was ineffective in failing to prepare for sentencing; (5) petitioner's attorney was ineffective in preserving issues for appeal; (6) petitioner was denied his right to an impartial jury drawn from a fair cross-section of the community because blacks are "under-represented" in Milwaukee jury pools; (7) the prosecutor excluded qualified jurors on the basis of race; (8) the prosecutor failed to disclose exculpatory evidence to petitioner; and (9) the trial court

1

"unconstitutionally limited" voir dire.[1]

Although this case is at its earliest stage, petitioner has submitted a copy of the state court orders from his direct appeal and post-conviction motion demonstrating that petitioner has procedurally defaulted on the claims identified as grounds one through seven and nine above. For that reason, he may not proceed on those claims unless he can satisfactorily explain to the court in a supplement to his petition (1) what cause he had for procedurally defaulting, (2) how that procedural default prejudiced him, and (3) whether he is actually innocent of the crime for which he is imprisoned. As for ground 8, the allegedly suppressed exculpatory, evidence was not material and, therefore, no constitutional violation could have occurred. Therefore, with respect to that ground, the petition for a writ of habeas corpus must be denied.

## BACKGROUND[2]

Pegues was convicted on June 15, 2006, of attempted first-degree intentional homicide and possession of a firearm by a felon. He appealed that conviction. On appeal, he discharged his attorney and proceeded pro se, despite the court of appeals warning him

---

[1] In the form petition, petitioner lists grounds one through four. He provides additional details for these grounds and lists grounds five through nine in a separate document attached to and mentioned in his petition as "Attachment B." Although Attachment B does not include a declaration from plaintiff, swearing to the statements within the document under the penalty of perjury as required under 28 U.S.C. § 2242, his reference to this attachment in the form petition is reason to treat the statements as having been incorporated into and sworn under the petition itself.

[2] The court draws the background facts from petitioner's submissions, including the orders from the court of appeals on his appeal and the trial court on his subsequent motion for post-conviction relief.

of the risks of doing so. In addition, the court of appeals gave petitioner an opportunity to withdraw his appeal to first file a postconviction motion, but petitioner declined to do so. Ultimately, the court of appeals affirmed the trial court, finding that almost all of his arguments were either so poorly developed that they were waived or had been waived during trial because the lawyer failed to object to them. Among other things, the court noted that none of petitioner's claims for ineffective assistance were viable because he had failed to first move for postconviction relief.

After petitioner lost his direct appeal, he filed a motion for postconviction relief in state court. The trial court denied that motion as well, because Pegues had waived his claims in a collateral attack by failing to raise them earlier in the direct proceedings.

ORDER

A. Procedurally Defaulted Claims

1. Claims related to ineffective assistance of counsel

Pegues lists several ways in which he contends his trial counsel was constitutionally inadequate, including that he (a) had a conflict of interest that compromised his defense, (b) failed to conduct a reasonable pre-trial investigation, (c) failed to prepare for sentencing, and (d) failed to preserve certain issues for appeal.

Before a federal court may consider the merits of a state habeas petitioner's claims, the petitioner must first exhaust the remedies available to him in the state courts. 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Perruquet v. Briley*, 390

F.3d 505, 514 (7th Cir. 2004). To comply with this requirement, "the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review)." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). That is, "[a] habeas petitioner must provide the state courts with a fair opportunity to apply constitutional principles and correct any constitutional error committed by the trial court." *Bocian v. Godinez*, 101 F.3d 465, 469 (7th Cir. 1996) (quotation omitted).

When a petitioner has already pursued his state court remedies, but failed to properly present his claims to the state courts along the way, "it is not the exhaustion doctrine that stands in the path to habeas relief . . . but rather the separate but related doctrine of procedural default." *Perruquet*, 390 F.3d at 514. Under this doctrine, a federal court is precluded from reaching the merits of a habeas claim if the petitioner either (1) failed to present his claim to the state courts and it is clear that those courts would now hold the claim procedurally barred; or (2) presented his claim to the state courts but the state court dismissed the claim on a state procedural ground adequate to support the judgment independent of the federal question presented. *Id.*; *Moore v. Bryant*, 295 F.3d 771, 774 (7th Cir. 2002); *Chambers v. McCaughtry*, 264 F.3d 732, 737-38 (7th Cir. 2001).

Pegues' ineffective assistance claims are barred for one or both of these reasons. First, Pegues acknowledges that at least one of his claims was not properly raised with the state court of appeals. In particular, Pegues admits he did not argue that his lawyer was ineffective in failing to preserve certain issues for appeal, but instead only mentioned that his lawyer had not objected to the trial court on these matters. In order to meet the "fair

presentment" precondition to exhaustion, "[t]he petitioner must have placed both the operative facts and the controlling legal principles before the state courts." *Chambers v. McCaughtry*, 264 F.3d at 737-38. Pegues does not suggest he ever mentioned the proper "legal principles" to the court of appeals, and Pegues' mere mention that his lawyer had failed to object is insufficient to now argue the failure was so egregious as to be constitutionally inadequate.

More important, the state court relied on "adequate and independent" state law grounds to dismiss petitioner's claims of ineffective assistance of counsel. The court of appeals concluded that his arguments for ineffective assistance of counsel were inadequately developed. *Kerr v. Thurmer*, 639 F.3d 315, 323 (7th Cir. 2011) (party's failure to develop argument to the satisfaction of the state court is "adequate and independent" ground for dismissal in Wisconsin) (citing *State v. Pettit*, 171 Wis.2d 627, 492 N.W.2d 633 (Ct. App. 1992)). As an additional ground, the court of appeals noted that petitioner had failed to preserve any of his ineffective assistance claims. This is because Pegues failed to file a postconviction motion first challenging his lawyer's representation, which would have created the necessary record related to the adequacy of the trial lawyer's representation. *State v. Machner*, 92 Wis. 2d 797, 803-04, 285 N.W.2d 905, 908-09 (Ct. App. 1979). (Exhibit 1, dkt. 1-3, at 9.)

Pegues did eventually file a post-conviction motion after his direct appeal, but was told that any claim for postconviction relief not raised in his original appeal had been waived. *See State v. Escalona-Naranjo*, 185 Wis.2d 169, 178, 517 N.W.2d 157, 161 (1994).

Under all these circumstances, it is safe to conclude that there are no avenues of relief available for petitioner to pursue his claims for ineffective assistance of counsel, those claims having been dismissed on independent and adequate state procedural grounds. In other words, Pegues has procedurally defaulted his claims for ineffective assistance of counsel.

### 2.  Selective enforcement

The state court of appeals found Pegues' failure to develop an argument doomed his claim of selective enforcement, concluding that petitioner's argument supporting selective enforcement was "entirely conclusory and not supported by any facts in this record." Pegues has therefore procedurally defaulted this claim as well.

### 3.  Exclusion of a juror on the basis of race

As with the claims for ineffective assistance of counsel, the state court relied on petitioner's failure to object during trial—another form of waiver—to reject this claim, meaning it, too, has been procedurally defaulted.

### 4.  Unconstitutional limits to voir dire questioning

Pegues contends that the trial court imposed "unconstitutional limits" on voir dire questioning of potential jurors. (Dkt. #1-1, at 13.) Pegues specifies that the issue of racial bias should have been explored more thoroughly when certain jurors "expressed potential bias." *Id.* The court of appeals considered petitioner's arguments, but found that his

6

contentions regarding the matter were "conclusory" and he lacked "any coherent argument in support of his positions," so the court declined to address the issue. In short, the state court rejected petitioner's claim on the ground that he failed to develop adequately any argument to support it, meaning once again an independent and adequate state procedural ground exists for its decision.

B. Cause and Actual Prejudice or Fundamental Miscarriage of Justice

When a petitioner has procedurally defaulted a claim, a federal court cannot reach its merits unless the petitioner demonstrates (1) good cause for the default *and* actual prejudice from failing to raise the claim as required, *or* (2) that enforcing the default would lead to a "fundamental miscarriage of justice." *Steward v. Gilmore*, 80 F .3d 1205, 1211-12 (7th Cir. 1996) (quoting *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977)). Under the circumstances here, it is almost impossible to imagine how petitioner could show cause for the default. Despite the court of appeals explaining the risks of doing so, Pegues decided to represent himself and decided to proceed with his direct appeal without first seeking postconviction relief in the trial court. This despite a written order from the court of appeals offering petitioner a chance to pursue that relief first.

As a result, Pegues has no one but himself to blame for his default of these claims. Moreover, Pegues does not suggest that he is "actually innocent of the crime for which he . . . is imprisoned," which would be required to show that there was a "fundamental miscarriage of justice." *Steward*, 80 F.3d at 1212 (citing *Sawyer v. Whitley*, 505 U.S. 333,

339 (1992)). Worse, he appears to admit that he is not actually innocent of the crime. In a document he labels "Attachment 'B,'" Pegues states that he "shot into a vehicle while it was occupied by the victim," after which he was arrested for the crimes in question in this case, attempted first degree intentional homicide and possession of a firearm by a felon.

At the same time, because procedural default is an affirmative defense, Pegues was not required to show cause, prejudice or actual innocence in his petition.[3] *Perruquet*, 390 F.3d at 515. Therefore, as unlikely as it seems that Pegues could make the required showing, he will be allowed an opportunity to try by supplementing his petition to explain (1) what cause he may have for his failure to properly present his claims to the trial court in the first place and his failure to raise his ineffective assistance claims in a motion for postconviction relief before raising them on appeal; (2) what prejudice he suffered as a result of his failure to raise the claims properly; and on (3) whether he is actually innocent of the crime for which he is imprisoned. He should label his document a "supplement to his petition for a writ of habeas corpus under § 2254" and make sure to declare that any statements he makes in the supplement are made under penalty of perjury. 28 U.S.C. § 2242 (petition must be "signed and verified" by petitioner).

---

[3] Although generally courts should avoid raising affirmative defenses on their own, a court may raise an affirmative defense before the defense has had a chance to answer if "it is so plain from the language of the complaint and other documents in the court's files that it renders the suit frivolous." *Gleash v. Yuswak*, 308 F.3d 758, 760-61 (7th Cir. 2002) ("Under the circumstances there was no point to serving the defendants with process, forcing them to engage counsel, and then waiting for the inevitable motion to dismiss."). In this case, a motion to dismiss on procedural default grounds is "inevitable" and unless petitioner can make some showing of cause and prejudice or actual innocence, it is fair to deem his petition frivolous.

**C. Failure to Disclose Exculpatory Evidence**

The only claim of petitioner's that the state court addressed on the merits is his claim that the prosecutor failed to disclose exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). Petitioner contends that prosecutors "produced fraudulent documents but withheld Wisconsin Department of Justice records in their efforts to convince Petitioner to stipulate to a prior felony conviction." (Dkt. 1-1 at 10.) Petitioner points to an exhibit from his own records request of his criminal history listing only one conviction, apparently a misdemeanor, which suggests that he had no prior felony conviction. According to petitioner, he would not have stipulated to having had one felony conviction had he received this information.

However, the court of appeals pointed out that, despite what this record left out, petitioner had been convicted of a felony previously, for failure to pay child support. The court took judicial notice of that fact. This court can do the same, and thus concludes that there was no *Brady* violation. Under *Brady*, a failure to provide exculpatory evidence violates the due process clause only if the evidence is "material either to guilt or to punishment." The allegedly suppressed record showing a misdemeanor, rather than a felony, would not have been material because Pegues had been convicted of a felony (even if one allegedly suppressed list of his convictions did not show that conviction). In other words, petitioner could not have argued that his criminal history showed he did not commit a felony when justicially noticeable court records existed showing otherwise.

ORDER

IT IS ORDERED that:

(1) With respect to the claim petitioner Norris Edward Pegues identifies as ground 8 (failure to disclose exculpatory evidence), the petition for a writ of habeas corpus is DENIED.

(2) With respect to the claims petitioner identifies as grounds 1-7 and 9, a decision on the petition for a writ of habeas corpus is STAYED. Petitioner may have until August 25, 2011 to file a supplement to his petition explaining (1) his reasons for failing to adequately raise before the state courts, (2) how he has been prejudiced by his failure to raise these claims properly, and (3) whether he is actually innocent of the crime for which he is imprisoned. If petitioner fails to respond by that date, the remainder of his petition will be denied and his case will be closed.

Entered this 12th day of August, 2011.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge