IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

NORRIS E. PEGUES,

                Petitioner,

v.

TIMOTHY DOUMA, WARDEN,

                Respondent.

ORDER

11-cv-194-wmc

---

On March 15, 2011, Norris E. Pegues filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his state court conviction for attempted first-degree intentional homicide and possession of a firearm by a felon. On September 24, 2012, the court denied his petition because he procedurally defaulted on his federal claims and did not establish cause and prejudice or actual innocence. (Dkt. #8.) Judgment was entered on September 25, 2012. Almost three years later, on September 10, 2015, Pegues filed a Motion for Reconsideration of the court's September 24, 2012, order. (Dkt. #18.)[1]

Pegues states that his request for relief from judgment falls under Rule 60(b)(1) and (6), and that relief is warranted because "the district judge misapplied rules 4 and 5 that governs 28 U.S.C. § 2254 cases." Under Rule 60(c)(1), however, "a motion under Rule 60(b) must be made within a reasonable time -- and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."

As Pegues is arguing that the court made a mistake in its order, this motion is properly construed as having been brought under Rule 60(b)(1), which permits requests for relief from

---

[1] Pegues also filed a Motion for Substitution (dkt. #22), requesting that Timothy Douma be substituted as the respondent because he has been transferred to the New Lisbon Correctional Institution, where Douma is the warden. Pursuant to Fed. R. Civ. P. 25, the motion will be granted.

1

judgment due to "mistake, inadvertence, surprise, or excusable neglect." On these facts, however, relief under Rule 60(b)(1) is barred because Pegues brought the motion almost three years after the September 25, 2012, entry of judgment, which well exceeds the one-year time limit prescribed by Rule 60(c)(1).

Likewise, relief under Rule 60(b)(6) is unavailable to Pegues for two reasons. First, a motion for relief from judgment under Rule 60(b)(6) may be granted in only "extraordinary circumstances." *Agostini v. Felton*, 521 U.S. 203, 239 (1997); *Arrieta v. Battaglia*, 461 F.3d 861, 865 (7th Cir. 2006). Relief under this subsection is available only if the grounds asserted for relief do not fit under any of the other subsections of Rule 60(b). *Margoes v. Johns*, 798 F.2d 1069, 1073 n.6 (7th Cir. 1986). As noted, Pegues' motion argues that the court's order dismissing his petition was mistaken, which falls squarely as a motion under Rule 60(b)(1), and litigants may not "use subsection (6) to circumvent the rather demanding time limitations placed on a motion under subsections (1) through (3)." *Id.*

Second, relief under Rule 60(b)(6) is unavailable because it was not filed within a reasonable time. In determining whether a motion under Rule 60(b) has been filed within a "reasonable time," courts consider "the facts of each case, the reason for the delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and the prejudice to other parties if judgment is revisited." *Johns*, 798 F.2d at 1073 n.6. Here, Pegues argues that his delay in filing his Rule 60(b) motion was because prison officials (1) removed federal material from the prison law library and purposely disabled all computers; (2) denied Pegues the use of the law library from December 14, 2012, to January 22, 2014; and (3) denied Pegues meaningful use of the law library during his federal habeas proceedings. He submitted multiple inmate complaints that he filed between December 2011 and January 2013 in which he periodically complained about his inability to access the law library. (*See*

Dkt. #19-6.) In August of 2015, he also complained that he was unable to use the law library's computers or access federal materials.

While Pegues' access to legal materials may have been somewhat limited between 2012 and 2014, it does not appear that he was denied complete access to any legal materials during this time because he was able to litigate his direct appeal of this case. Although he ultimately lost his appeal, on May 13, 2013, Pegues filed a 44-page request for rehearing that was typed on a computer, cited to numerous authorities relevant to his petition and included substantial analysis of procedural default. *Pegues v. Haines*, No. 12-3576, dkt. #15 (7th Cir., filed May 13, 2013). It is apparent that to prepare this motion, Pegues had access to not only the law library, but research materials and a working computer. He does not explain why he did not file his Rule 60(b) motion in this court during that time. More importantly, although Pegues regained access to library materials after January 2014, he did not file his Rule 60(b) motion in this court for well over another year after he regained access. He does not explain this delay either. Accordingly, the court is unpersuaded that his justifications for his delay were reasonable, and his motion must be denied.

ORDER

IT IS ORDERED that:

(1) Petitioner Norris E. Pegues' Motion for Substitution (dkt. #22) is GRANTED;

(2) Petitioner's Motion for Relief from Judgment (dkt. #18) is DENIED.

Entered this 7th day of March, 2017.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge